FA PENG NI, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,[1] Respondent.

No. 07–2172–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

Fa Peng Ni, pro se, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Michelle G. Latour, Assistant Director, Sunah Lee, Trial Attorney, Department of Justice, Office of Immigration Litigation, Washington DC, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Fa Peng Ni, a citizen of the People's Republic of China, seeks review of a May 3, 2007 order of the BIA, affirming the September 2, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

re Fa Peng Ni, No. A98 772 448 (B.I.A. May 3, 2007) aff'g No. A98 772 448 (Immig. Ct. N.Y. City Sept. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the conclusions of the IJ and upholds the IJ's adverse credibility finding, but does so for reasons other than those cited in the IJ's decision, we review the decision of the IJ as supplemented by the BIA, provided that the BIA's supplemental findings do not extend beyond the scope of its review under 8 C.F.R. § 1003.1(d)(3)(i), (iv). See Xian Tuan Ye v. DHS, 446 F.3d 289, 293, 296 (2d Cir.2006). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir. 2003).

■ In this case, the agency's denial of relief was proper. In Shi Liang Lin, this Court concluded that the statutory scheme under IIRIRA § 601(a) "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d at 308. Thus, here, even assuming his credibility, Ni was not entitled to asylum or withholding of removal based solely on his wife's forced abortions. See id.[2]

■ Moreover, there is no indication in the record that Ni was persecuted for his own resistance to a coercive population control program. 8 U.S.C. § 1101(a)(42)(B). The BIA has stated that the term "resistance" includes, but is not limited to, "expressions of general opposition, attempts to interfere with enforcement of government policy ... and other overt forms of resistance of the family planning law." Matter of S–L–L, 24 I. & N. Dec. 1, 10 (BIA 2006). Here, Ni testified that his wife's second and third pregnancies were accidental, and he was only told after the fact that his wife was taken for forced abortions. Gui Yin Liu v. INS, 508 F.3d 716 (2d Cir.2007).[3]

■ In addition, we find that the agency's CAT determination is supported by substantial evidence. Ni is not "entitled to CAT protection based solely on the fact that he is part of the large class of persons who have illegally departed China." Mu Xiang Lin v. U.S. Dep't of Justice, 432 F.3d 156, 159–60 (2d Cir.2005); see also Mu–Xing Wang, 320 F.3d at 143–44. Thus, while "conced[ing] that there is a risk that any individual detainee in China may be subjected to repressive conditions in prison," we have held that this generalized risk alone did not suffice to carry the burden of demonstrating that a petitioner was more likely than not to be tortured if repatriated to China. Id.; see also Pierre v. Gonzales, 502 F.3d 109, 119 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have com-

---

**2.** Judge Sotomayor notes that she continues to disagree 2 with the majority opinion in Shi Liang Lin to the extent it applies beyond unmarried partners, see Shi Liang Lin v. U.S. Dep't of Justice, 494 F.3d 296, 327 (2d Cir. 2007) (Sotomayor, J., concurring), but recognizes that she is bound by court precedent, see United States v. Wilkerson, 361 F.3d 717, 732 (2d Cir.2004).

**3.** Although the agency's decision rested on credibility grounds, we need not reach that

finding where, even if that finding was improper, remand would be an "idle and useless formality." See N.L.R.B. v. Wyman–Gordon Co., 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969). To the extent that this Court applies the law in effect at the time of the decision, N.L.R.B. v. Coca–Cola Bottling Co., 55 F.3d 74, 78 (2d Cir.1995), we apply our holding in Shi Liang Lin and deny the petition for review.

pleted our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).